## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**JOHNNY P. THERIOT**          **PETITIONER**

**VS.**       **CASE NO. 4:16CV00248 JM/PSH**

**C. V. GLENIS, Sheriff**         **RESPONDENT**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Johnny P. Theriot ("Theriot") filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in May of this year.  The Court directed Theriot to submit the $5.00 filing fee, which he did.  Subsequently, we directed service of the petition on respondent C. V. Glenis ("Glenis"), and directed Glenis to file a response.  We were in error to proceed as we did.  The case should have been dismissed.

Although Theriot's petition was styled as a habeas corpus petition, a review of the pleading shows it is should not proceed as a habeas corpus action in this Court.  Habeas corpus relief is available for a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

*Theriot is not in custody:*  Theriot's petition lists his place of confinement as Parchman, Mississippi.  However, he also provides an address in Dumas, Arkansas.  The body of the petition reveals Theriot is not *currently* in custody in Mississippi.   Instead, he indicates he served a twenty year sentence for aggravated assault in Mississippi, beginning in 1994.  Since it is conceded by Theriot that he is not in custody, he fails to satisfy the most fundamental requirement for seeking federal habeas corpus relief.

*Theriot is not in custody in Arkansas:*  Even if Theriot were in custody, he does not allege he is in custody in Arkansas.  The sheriff he named as respondent is located in Summit, Mississippi.  Docket entry no. 6.  His conviction was obtained in Pike County, Mississippi, and he was in custody in Parchman, Mississippi.  As a result, any attempt to obtain habeas corpus relief should have occurred in a Mississippi federal court.  28 U.S.C. § 2241(d).

*Glenis is not Theriot's custodian:* As set forth in his petition, Theriot is no longer in the custody of Glenis, a Mississippi sheriff.

*The relief sought is not available pursuant to a federal habeas corpus action:* Theriot, for relief, requests $100 million, a full pardon, medicine and surgery to correct problems neglected while in prison, and the freezing of assets of five individuals other than Glenis.  Habeas corpus relief is awarded when a person shows he is in custody in violation of the Constitution or laws of the United States, and that relief is typically release from the illegal custody.  Money damages and other injunctive relief sought by Theriot may more appropriately be sought in a civil rights action.

**Conclusion:** For the foregoing reasons, we recommend the petition for writ of habeas corpus be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a

constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 9th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE